IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JERMETRAS WATSON,

      Petitioner,

 v.                                     Case No.  5D17-1914

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed June 26, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Jacob Schumer, Assistant Public
Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca J. Roark Wall,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

      Jermetras Watson (Petitioner) petitions this Court for issuance of a writ of habeas

corpus, challenging the lower court's denial of pre-trial bond. Because Petitioner was not

given a proper pre-trial detention hearing, we grant the petition and direct the lower court

to hold a proper hearing pursuant to Florida Rule of Criminal Procedure 3.132(c).

Petitioner was initially held for four days before being brought before the court for an initial appearance, well beyond the time required under Rule 3.132(a). When the initial appearance was held, the State moved for pretrial detention and the court granted the State's motion. No further hearing has been held.

Under Rule 3.132, a motion for pre-trial detention may be filed at first appearance. If that motion is facially sufficient, and there is probable cause supporting the charges, the court can detain the defendant until a final hearing on pretrial detention is held. A hearing must be held within 5 days, and the State bears the burden of proving the need for pretrial detention. The State properly concedes that no final hearing was scheduled or held on pretrial detention.

Accordingly, we grant the petition and direct the lower court to hold a proper hearing, as required by Rule 3.132(c). See Smith v. State, 933 So. 2d 689 (Fla. 5th DCA 2006).

PETITION GRANTED; CASE REMANDED.


PALMER, BERGER and EISNAUGLE, JJ., concur.